## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)
### Eastern Division

Cynthia Jo Jacobs

|                | Plaintiff, |
|---|---|

v.

Case No.:
1:26–cv–01145

Honorable Jeffrey I Cummings

The Partnerships and Unincorporated Associations
Identified on Schedule A

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, June 26, 2026:

MINUTE entry before the Honorable Jeffrey I Cummings: The Court has reviewed plaintiff's recent filings and orders as follows. First, plaintiff's motion for leave to file under seal [22] is granted. Second, plaintiff has presented evidence of completed purchases of the allegedly infringing products to customers in Illinois as to each defendant listed in Second Amended Schedule A. (Dckt. #21). See Liu v. Monthly, 170 F.4th 1090 (7th Cir. 2026). Lastly, plaintiff's renewed ex parte motion for leave to conduct expedited discovery and electronic service of process [23] is denied without prejudice in light of the Seventh Circuit's opinion in Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., –– F.4th –––, 2026 WL 1502198 (7th Cir. May 29, 2026). In Kangol, the Seventh Circuit held that the Hague Service Convention "prohibits service by email in China." Kangol, 2026 WL 1502198, at *6. The Court acknowledged, however, that the Convention does not apply if the defendant's address is unknown. Id. at *4. "[C]ourts handling Schedule A cases typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." Id., quoting NBA Props., Inc. v. P'ships and Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D.Ill. 2021). Here, plaintiff has not made a proper showing that she has made reasonably diligent efforts to ascertain and verify each defendants' mailing address. Indeed, plaintiff's counsel's declaration in support of such efforts includes only conclusory and generic assertions regarding the defendants listed in the Second Amended Schedule A. (See e.g., Dckt. #24–2 at 2 ("Past investigation and discovery of online marketplace accounts reveals that Defendants appear to have provided false physical address information to the online platforms in order to avoid full liability and rely primarily on electronic communications to communicate with their third–party service providers and customers.") & 3 ("An investigation of the internet stores operating under the Defendant Internet Stores identified in Second Amended Schedule A to the Complaint shows that few, if any, provide a reliable physical address on the internet store.")). These "bare assertions regarding the reliability of Defendant[s]' publicly available address[es] are not a substitute for actual diligence." NBA Props., 549 F.Supp.3d at 796. As such, if plaintiff ultimately files a renewed motion for electronic service, she

must include the specific, diligent efforts taken to determine the physical address (and the outcome of those efforts) as to each defendant. Any such renewed motion shall be filed no later than 7/22/26. The previously set 5/15/26 tracking status hearing is stricken and reset to 8/21/26 at 9:00 a.m. (to track the case only, no appearance is required). Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.